ABRAHAM LITTMAN, APPELLANT, v. JOHN S. SLACK, ANNA H. HEMSLEY AND QUINCY A. GILMORE, EXECUTORS OF THE LAST WILL AND TESTAMENT OF FREDERICK HEMSLEY, DECEASED, RESPONDENTS.

Argued October 21, 1926—Decided January 31, 1927.

1. *Vreeland* v. *Vetterlein*, 33 *N. J. L.* 247, cited as setting forth the rule establishing the right of a broker to receive and recover commissions.

2. When the matters laid down in the foregoing rule appear by the evidence to be in dispute, a jury question is· presented. Citing *Queen* v. *Jennings*, 93 *N. J. L.* 353.
3. In passing upon motions for nonsuit and direction of verdict the court cannot weigh the evidence but must take as true all evidence which supports the view of the party against whom the motions are made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. Citing *Andre* v. *Mertens*, 88 *N. J. L.* 626.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Bourgeois & Coulomb*.

For the respondents, *Clarence L. Cole*.

The opinion of the court was delivered by

CAMPBELL, J. Appellant brought his action in the Atlantic County Circuit Court to recover commissions for leasing certain stores in a building of respondents on the boardwalk in Atlantic City. The cause was tried before the Circuit Court judge and a jury on March 16th, 1925, and resulted in a verdict in favor of appellant. This verdict was, upon a rule to show cause, set aside by the trial judge on July 27th, 1925, upon the ground that "Abraham Littman was not the procuring or efficient cause of the renting of the property by the tenants involved in this suit. Neither did he bring the parties in interest to any agreement." On February 15th, 1926, the cause was again brought on for trial before the same Circuit Court judge and a jury. By agreement the only proof offered was the testimony taken at the first trial.

At the conclusion of the reading of this testimony counsel for respondents moved for a direction of verdict in their favor, "on the ground that it does not sufficiently appear that the plaintiff was the procuring cause or that he complied with the terms of his own agreement as set up in the complaint." This motion was granted, and upon being directed so to do by the trial judge, the jury rendered a verdict in favor of the respondents. To such instruction and direction an objection was entered and exception taken, and from the judgment entered upon such verdict this appeal was taken.

In granting the motion and directing the verdict thereunder the trial judge said: "The motion for a direction will be granted because I think the jury would not be justified in finding from the testimony submitted that the plaintiff was either the efficient or procuring cause of the leases upon which commission is claimed."

We conclude that the learned trial judge fell into error.

The rule as to when a broker has earned his commissions is laid down in *Vreeland* v. *Vetterlein, 33 N. J. L.* 247, and *Queen* v. *Jennings, 93 Id.* 353, and in this latter case it is also held that when the question appears by the evidence to be disputed, the question should be left to the jury.

There was proof from which it could be found that the appellant was the efficient and procuring cause of the renting in question, and although this was flatly and most substantially contradicted, nevertheless it was for the jury to find what the truth and the facts were.

In *Andre* v. *Mertens, 88 N. J. L.* 626, this court said that in passing upon motions of this character "the court cannot weigh the evidence but must take as true all evidence which supports the view of the party against whom the motions are made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor."

The judgment below will therefore be reversed, with costs.

*For affirmance*—KALISCH, BLACK, KATZENBACH, VAN BUSKIRK, MCGLENNON, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, CAMPBELL, LLOYD, KAYS, HETFIELD, JJ. 8.